## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAMUEL HOGSETT,

      Petitioner,

vs.

ERIC WILLIAMS,

      Respondent.

Civil No.  21-cv-01085-SPM

## MEMORANDUM and ORDER

**McGlynn, District Judge:**

Pending before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 (Doc. 1). For the reasons set forth below, the Court **DENIES** the petition and dismisses the case with prejudice. Accordingly, the Court **TERMINATES** as MOOT the Motion for Release Pending Disposition of 2241 Petition (Doc. 19).

### PROCEDURAL HISTORY

On September 2, 2021, Petitioner Samuel Hogsett ("Hogsett"), filed a petition for writ of habeas corpus under 28 U.S.C. §2241 challenging the enhancement of his sentence under the Armed Career Criminal Act ("ACCA") (Doc. 1). Specifically, Hogsett argued that his prior Illinois conviction for robbery under 720 ILCS 5/18-1 no longer qualified as a predicate ACCA offense in light of the Supreme Court's recent decision (*Id*); *Borden v. United States,* __ U.S. __, 141 S.Ct. 1817 (June 10, 2021).

On January 25, 2022, a response was filed on behalf of Williams wherein the government argued that the petition must be dismissed for two main reasons: (1) because Hogsett's petition did not meet the criteria of the savings clause; and, (2) that there was no miscarriage of justice because Hogsett was sentenced as a career offender and not under the ACCA (Doc. 16). On February 14, 2022, Hogsett filed his reply reiterating his prior argument under *Borden* and asserting that he meets the *Davenport* factors to invoke the savings clause (Doc. 17). Although both parties mention the current status of Hogsett's robbery conviction in 2001, this Court does not address that issue as Hogsett was not sentenced pursuant to ACCA.

On March 16, 2022, Hogsett filed a Motion for Release Pending Disposition of 28 U.S.C. § 2241 Petition, claiming that he has satisfied the two-part test for release, namely, (1) a high probability of success; and, (2) extraordinary or exceptional circumstances (Doc. 19). On April 6, 2022, the government responded to the aforementioned motion arguing that the power to release habeas applicants on bail should be used sparingly, emphasizing that Hogsett was sentenced as a career offender and not under the ACCA so the likelihood of success was not highly probable as argued in its Response to Petition for Habeas Corpus (Doc. 21).

## PREDICATE OFFENSE

On December 16, 2005, Samuel Hogsett was indicted by a federal grand jury for Possession of a Weapon by a Felon in violation of 18 U.S.C. § 922 (g)(1) in the Southern District of Illinois. *United States v. Hogsett*, Case No. 05-cr-30196-WDS[1] (CR. 1). On

---

[1] Documents contained within the criminal file shall be cited as "(CR. __)", while documents in this action shall be cited as "(Doc. __)".

March 22, 2006, a three-count superseding indictment was issued charging Hogsett with the following counts: (1) Felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1); (2) Possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1); and, (3) Possession of a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (CR.27).

On January 9, 2007, jury trial commenced (CR. 86). On January 12, 2007, Hogsett was found guilty on all three (3) counts, with sentencing set for April 20, 2007 (CR. 92). A Presentence Investigation Report ("PSR") was prepared and advised that in accordance with U.S.S.G. §§ 4B1.1(c) and 5G1.2(e), the guideline imprisonment range is 360 months to life (CR. 106), On April 20, 2007, Hogsett was sentenced by the Honorable Judge William D. Stiehl and was committed to the custody of the U.S. Bureau of Prisons for 355 months, which consisted of 295 months on count 1 to run concurrently with 240 months on count 2, and consecutively to 60 months on count 3 (CR. 105). Accordingly, Hogsett was sentenced to a sentence within the federal guidelines[2].

## BACKGROUND

Hogsett has been a prolific filer since his incarceration. Following direct appeal, wherein his conviction was affirmed by the Seventh Circuit Court of Appeals, he sought, but was denied a petition for writ of certiorari from the Supreme Court. *United States v. Taylor,* 522 F.3d 731 (7th Cir. 2008); *Hogsett v. United States*, 555 U.S. 1170 (2009).

On June 4, 2010, Hogsett filed his first motion to vacate, set aside or correct

---

[2] The transcript of the sentencing hearing indicates that the judge gave Hogsett five (5) months credit for the time in custody as reflected in the total sentence of 355 months, as Judge Stiehl stated, "I'm not going to give him a sentence of X months and recommend to the Bureau that he be given credit for five, I'm going to give him the credit now and sentence him to a term of X months less than five". (CR. 128, p. 9:5-8).

sentence (§2255) wherein he asserted various theories of ineffective assistance of counsel. *Hogsett v. United States,* 3:10-cv-00010-WDS (S.D. Ill. June 10, 2010) (V. 1)[3]. On June 24, 2010, Hogsett amended his petition and supplemented it shortly thereafter (V. 7, 8). On March 13, 2013, Hogsett's case was dismissed and no certificate of appealability was issued (V. 29). Ultimately, the Seventh Circuit declined to issue a certificate of appealability. *Hogsett v. United States,* No. 18-2652 (7th Cir. March 26, 2019) *see also Hogsett v. United States,* No. 15-1521 (7th Cir. July 22, 2015) (dismissed by petitioner as did not meet standards under Rule 60(b)); *Hogsett v. United States*, No. 13-2032 (7th Cir. April 24, 2014)(Petition for rehearing DENIED).

On March 30, 2015 while incarcerated in Florida, Hogsett filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. *Hogsett v. Warden, FCC Coleman,* 5:15-cv-00154-WTH-PRL (M.D. Fla). This case was dismissed without prejudice on December 19, 2016 as it dealt with relief pursuant to *Johnson*, which was best addressed in his pending 2255 motion that was filed within this district and which had not yet been briefed.

On July 12, 2016, while the matter was pending in Florida, Hogsett filed his second motion to vacate, set aside or correct sentence (2255)[4]. *Hogsett v. United States,* 3:16-cv-00779-SMY (S.D. Ill) (SA. 1)[5]. Within this pleading, Hogsett claims that his enhanced sentence violated due process in light of *Johnson v. United States,* 576 U.S. 591 (2015), which was made retroactive allowing for collateral review in *Welch v. United States*, 578

---

[3] Documents contained within this case file shall be cited as "(V. __).
[4] This case was transferred to this Court by the Seventh Circuit after Hogsett filed an application seeking to file a successive motion to vacate under 28 U.S.C. § 2255 under *Johnson v. U.S.,* 135 S.Ct. 2551 (2015), which held that the residual clause of the ACCA is unconstitutionally vague. (SA. 2).
[5] Documents contained within this case file shall be cited as "(SA. __).

U.S. 120 (2016) (Id.). Specifically, Hogsett challenged his conviction for "Aggravated Discharge of Firearm" as an enhanceable offense under *Johnson* (Id.). While this matter was pending review, Hogsett filed a Petition for Writ of Mandamus in the Seventh Circuit, to wit USCA No. 18-3355, requesting the Court of Appeals direct this Court to decide the pending habeas case (SA. 10). On November 8, 2018, the Court dismissed this case with prejudice after determining that the Seventh Circuit previously interpreted the offense of aggravated battery with a firearm, finding it satisfied the definition of a "crime of violence" under the career offender guidelines as well as "violent felony" under the ACCA (SA. 11); *See United States v. Womack*, 732 F.3d 745, 749 (7th Cir. 2013). Indeed, the offense was a valid predicate for the ACCA. (Id.). In light of the dismissal, the Seventh Circuit denied the Petition for Writ Mandamus (SA. 13).

On February 6, 2020, Hogsett filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Hogsett v. United States,* 3:20-cv-146-NJR (S.D. Ill) [6] (HC. 1). Within his petition, Hogsett attempted to challenge his conviction using the Savings Clause, relying upon *Rehaif v. United States*, 139 S.Ct. 2191 (2019) and arguing that he was found guilty of 922(g) – Unlawful Possession by Felon of Firearm – without knowledge of his felon status (*Id.*). On July 27, 2021, the Court went thru an analysis of the *Davenport* factors before dismissing the claim with prejudice as Hogsett failed to meet his burden to show that he had no knowledge of his status as a felon when he was arrested (HC. 33).

Hogsett has also filed several other petitions within his underlying criminal case, including: (1) Two motions for retroactive application of sentencing guidelines to crack cocaine offense on March 17, 2008 (CR. 140) and November 14, 2011 (CR. 153)

---

[6] Documents contained within this case file shall be cited as "(HC. __).

respectively, which were both denied on April 19, 2012 (CR. 158); (2) Another motion for retroactive application of sentencing guidelines to crack cocaine offense on November 21, 2021 (CR. 161), which was denied on April 5, 2013 (CR. 163); (3) Motion to Correct Clerical Error on February 27, 2015 (CR. 169) wherein he argued he was misclassified in his PSR under ACCA and as a Career Offender, which was denied on April 15, 2015 (CR. 171) as a collateral attack on his sentencing which is beyond the jurisdictional grant of 18 U.S.C. § 3582(c); (4) Motion to amend/correct indictment pursuant to § 3583 (e) (CR. 179), which was dismissed on February 4, 2019 (CR. 180) as another collateral attack under which the Court did not have jurisdiction; (5) Motion to reduce sentence pursuant to First Step Act pursuant to Fair Sentencing Act (CR. 184), which was denied on December 4, 2019 (CR. 196) because the First Step Act did not authorize a reduction in his sentence;  and (6) Multiple motions for compassionate release pursuant to First Step Act (CR. 207, 211, 241), which were ultimately denied on April 1, 2022 (CR. 221) as there were no extraordinary or compelling circumstances to warrant his release.

## LEGAL STANDARD

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him.

A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to

attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only one challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or, (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

## ANALYSIS

### I.   Savings Clause

#### A. Law

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). See also *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012)(stating that "'[i]nadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'")(citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *United States v. Prevatte*, 300 F.3d 792, 798-799 (7th Cir. 2002)(noting that "savings clause" of Section 2255 applies to "a narrow class of cases" where the 2255 remedy "'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

The Seventh Circuit examined the savings clause in *In re Davenport*, 147 F.3d 605

(7th Cir. 1998) and stated: "[a] procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id*. at 611.  In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport* and its progeny, the Seventh Circuit developed a three-part test for determining whether Section 2255 is inadequate or ineffective so as to trigger the savings clause:

> **Step #1**: The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> **Step #2**: The statutory rule of law in question must apply retroactively to cases on collateral review and could not have been invoked in a first § 2255 motion; and
>
> **Step #3**: a failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."
>
> *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

Only after a petition meets all three steps can a Court consider the claims on the merits. *Id*.

Since *Davenport,* the Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied. See *Webster,* 784 F.3d at 1136.

### B. Discussion

Petitioner's reliance on *Borden v. United States*, -- U.S. --, 136 S. Ct. 2243 (2021), does not bring his claim within the savings clause. With respect to the three conditions above, *Borden* is indeed a statutory interpretation case. And because *Borden* was decided in 2021, petitioner could not have invoked this particular case in his § 2255 motion. However, the Supreme Court gave no indication that its decision in *Borden* should be given retroactive application to a case on collateral review, such as the instant action.

"Davenport's second condition has two components: retroactivity and prior unavailability of the challenge." *Montana v. Cross,* 829 F.3d 775, 783 (7th Cir. 2016). To determine whether a claim was previously unavailable, a petitioner must show that it "would have been futile" to previously raise the argument because the law of the circuit of conviction "was squarely against him." *Beason v. Marske,* 926 F.3d 932, 936 (7th Cir. 2019); *see also Chazen v. Marske,* 938 F.3d 851, 862-62 (7th Cir. 2019). Arguably, Hogsett cannot now claim that § 2255 is insufficient when he brought two prior § 2255 actions, one of which challenged the application of a prior conviction as constituting a "violent felony" under the ACCA, albeit for aggravated discharge of a firearm, not burglary. See *Hogsett v. United States*, 16-CV-779-SMY (S.D. IL. 2016).

In some circumstances, a Section 2241 petitioner may be able to show that his or her claim was previously unavailable. Indeed, *Borden* was not decided until 2021 and continued the Supreme Court's recent narrowing what qualifies as a "violent felony" under the ACCA.

Notwithstanding the foregoing, this Court does not need to decide whether Hogsett can satisfy Step 2 under the Davenport test, because he clearly cannot establish his

burden at Step 3 – a showing that his conviction or sentence represents a miscarriage of justice.

The third *Davenport* requirement is satisfied by demonstrating "so fundamental a defect in [a] conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d at 611. The Seventh Circuit has also described a miscarriage of justice as "the possibility that the convictions hinged on conduct Congress never intended to criminalize." *Kramer v. Olson,* 347 F.3d 214, 218 (7th Cir. 2003). A miscarriage of justice may also occur where a defendant is sentenced under an erroneous mandatory sentencing range, but not where the error affects only the advisory Sentencing Guidelines.  See *Hawkins*, 706 F.3d at 823-824.

As hereinbefore mentioned, Hogsett argues that his petition is predicated upon the recent Supreme Court decision that specifically referred to a sentence enhancement under the ACCA. *Borden,* 136 S. Ct. 2243.  While the PSR does indicate that defendant was subject to an enhanced sentence for being deemed an armed career criminal pursuant to U.S.S.G. § 4B1.4, the PSR also reflects that Hogsett was subject to another Chapter Four Enhancement under U.S.S.G. § 4B, for being a career offender (*See* CR. 106).

Three factors must be present for a defendant to be classified as a career offender pursuant to USSG § 4B1.1: (1) The defendant was at least 18 years old at the time the instant offense was committed; (2) The instant offense is a felony that is either a crime of violence or a controlled substance offense; and, (3) The defendant has at least two prior convictions of either a crime of violence or a controlled substance offense. All of those factors are present in this case. Indeed, Hogsett was 24 years old at the time of the sentencing; he was convicted of three separate offenses, including a controlled

substance offense – Possession with Intent to Distribute Cocaine under 21 U.S.C. § 841 (a)(1); and, even excluding the robbery, Hogsett still had the requisite two prior convictions for two crime of violence - Aggravated Discharge of a Firearm in violation of 720 ILCS 5/24-1.2 and Aggravated Robbery in violation of 720 ILCS 5/18-1(b). Because of the career offender enhancement, Hogsett's applicable guideline range was 360 months to life (CR. 106); U.S.S.G. §§4B1.1(c)(2)(B) and (c)(3). As set forth *infra*, Hogsett was sentenced to 355 months and was given 5 months credit for the time spent in custody.

A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines does not demonstrate a miscarriage of justice[7]. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing,* 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014). The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005*). Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Hogsett was sentenced in 2007, two years after *Booker*. Further, his 355-month sentence was at the low end of the guidelines range.

Clearly, Hogsett cannot satisfy the elements of the savings clause, thus his petition under § 2241 is barred.

## CONCLUSION

In light of the foregoing, the Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk

---

[7] Although defendant does not expressly argue that he was erroneously treated sentenced as a career offender, any implied argument is defeated as Hogsett remains within the definition of a career offender and was sentenced within the guidelines.

is instructed to close the file and enter judgment accordingly. Accordingly, Hogsett's Motion for Release Pending Disposition of 2241 Petition (Doc. 19) is **DENIED** as moot.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:** <u>May 17, 2022</u>

*<u>s/Stephen P. McGlynn</u>*
**STEPHEN P. McGLYNN**
**United States District Judge**
